IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )
) No. 3:24-CR-6-TAV-DCP
ANTONIO DEMONT THOMAS, )
RAVEN MASON, and )
BRITTNEY CHIPPS, )
)
Defendants. )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Raven Mason's Motion to Continue Trial and Deadlines [Doc. 37], filed on February 21, 2024.

Defendant Mason asks the Court to continue the trial date and all associated deadlines [Doc. 37 p. 1]. In support of her motion, Defendant asserts that defense counsel was appointed to represent her on January 24, 2024, and that counsel requires additional time to review the voluminous discovery in this case, which consists of written reports, phone geolocation data, audio recordings, video recordings, and photos [*Id.*]. Further, defense counsel requires more time to conduct his own independent investigation in order to properly advise Defendant Mason and to continue plea negotiations with counsel for the Government [*Id.*]. Finally, Defendant's motion reflects that counsel for the Government does not oppose a continuance [*Id.*].

On February 22, 2024, the Court ordered the remaining parties to file a position on Defendant Mason's motion to continue [Doc. 38]. The Government [Doc. 40] and Defendant

Brittney Chipps [Doc. 41] filed Notices of No Objection and Defendant Antonio Demont Thomas filed a Response [Doc. 39] stating he does not oppose the requested continuance.

Counsel for all Defendants confirmed with Chambers via email that Defendants Thomas, Mason, and Chipps understand their right to a Speedy Trial and agree to the requested continuance.

Based upon the information in Defendant Mason's motion and because the Government and Codefendants Thomas and Chipps do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Mason needs more time to review discovery, investigate the facts of the case, engage in plea negotiations, and prepare for trial in the event plea negotiations are not fruitful. The Court finds that all of this cannot occur before the April 2, 2024, trial date.

The Court therefore **GRANTS** Defendant Raven Mason's Motion to Continue Trial and Deadlines [**Doc. 37**]. The trial of this case is reset to **August 13, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on February 21, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Raven Mason's Motion to Continue Trial and Deadlines [**Doc. 37**] is **GRANTED**;

(2)   the trial of this matter is reset to commence on **August 13, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3)   all time between the filing of the motion on **February 21, 2024**, and the new trial date of **August 13, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4)   the deadline for filing pretrial motions is extended to **March 21, 2024**, and responses to motions are due on or before **April 4, 2024**;

(5)   the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 12, 2024**;

(6)   the deadline for filing motions *in limine* is **July 29, 2024**;

(7)   the parties are to appear before the undersigned for a final pretrial conference on **July 30, 2024, at 10:30 a.m.**; and

(8)   requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 2, 2024**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

3